UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGEL L. JOHNSON,

    Plaintiff,                                      Civil Action No. 13-CV-14797

vs.                                              HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT and
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is presently before the Court on cross motions for summary judgment [docket entries 15 and 18]. Magistrate Judge Patricia Morris has issued a Report and Recommendation ("R&R") in which she recommends that plaintiff's motion be denied and defendant's motion be granted. Plaintiff has filed objections to the R&R. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court reviews de novo those portions of the R&R to which any party makes proper, timely objections.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge a final decision denying her applications for Social Security disability insurance benefits and Supplemental Security Income. Defendant, by decision of an Administrative Law Judge ("ALJ") in July 2012, found that plaintiff is not disabled because she can perform a limited range of light-level work. This became defendant's final decision when the Appeals Council declined plaintiff's request for review.

Under § 405(g) the issue is whether defendant's decision in this matter is supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.' *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). In making this determination the Court does not review the matter de novo, and it may not weigh the evidence or make credibility findings. If supported by substantial evidence, defendant's decision must be upheld even if substantial evidence also would have supported a contrary decision and even if the Court may have decided the case differently in the first instance. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir. 2014).

The medical evidence in this case has been completely summarized in the ALJ's decision, the parties' briefs, and the magistrate judge's R&R. In short, plaintiff claims she has been disabled since August 2007 due primarily to difficulty breathing and pain in her neck, back, and legs. The ALJ found that plaintiff's severe impairments are "degenerative disc disease, lumbar spine, status-post surgery; and chronic obstructive pulmonary disease/asthma" (Tr. 15). Plaintiff's other impairment, depression, was found to be non-severe (Tr. 19). The ALJ found that although plaintiff cannot perform her past work, she has the residual functional capacity to perform a limited range of light work with a sit/stand option. A vocational expert ("VE") testified to the existence in the regional economy of several thousand jobs in the areas of assembly, routing, and inspection that a person such as plaintiff could perform.

Plaintiff first objects to the magistrate judge's discussion of the ALJ's decision that she does not meet Listing 1.04A.[1] A claimant who meets or equals a listed impairment is *per*

---

[1] This "listed impairment" states:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

*se* disabled. *See* 20 C.F.R. § 404.1520(a)(4)(iii). To come within a listed impairment, all of the elements thereof must be met. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Further, it is the claimant's burden to show she meets or equals a listing. *See Smith v. Comm'r of Soc. Sec.*, 473 F. App'x 443, 445 (6th Cir. 2012).

In her objections, plaintiff criticizes the ALJ for not going through the elements of Listing 1.04A and explaining in detail his basis for concluding that she does not meet them. Plaintiff then criticizes the magistrate judge for performing such an analysis as to 1.04A, as this "is her effort and opinion, not that of the Commissioner as pronounced by the ALJ." Pl.'s Obj. at 3. This objection is overruled because, as noted, it is plaintiff's burden to show that she meets or equals all of the elements of a listed impairment; it is not defendant's burden to show the contrary. Plaintiff

---

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1.

appears to concede that the only potentially applicable listing is 1.04A.  For the reasons explained at pages 42-47 of the R&R, the objective evidence in this case simply does not establish nerve root or spinal cord compromise, limitations of spinal motion, reflex loss, motor weakness, or positive straight-leg raising tests in both the sitting and supine positions.  The Court agrees with the magistrate judge's analysis on this issue and finds that substantial evidence supports the ALJ's decision that plaintiff does not meet or equal the elements of Listing 1.04A.

Plaintiff's second objection is that the magistrate judge erred in concluding that the ALJ was permitted to discount the opinions of plaintiff's treating physicians, Drs. Lis-Planells and Dadivas.  Plaintiff also argues that the ALJ erred in finding her capable of doing light-level work because such work is incompatible with her need to use a cane.

The ALJ acknowledged the opinions of Drs. Lis-Planells and Dadivas that plaintiff cannot work (Tr. 17, 19).  Dr. Lis-Planells wrote in March 2011 that "[t]hroughout the past four years, it is my opinion that Ms. Johnson has been disabled from work and given her spinal pathology, I anticipate that she will continue to be disabled in the future" (Tr. 627).  Dr. Dadivas wrote in June 2011 that plaintiff's back pain would interfere 75% of the time with her ability to "remain on task in a competitive work situation"; that she can walk one-half block without rest or pain; that she can sit or stand continuously for 10-15 minutes; that she can sit for less than two hours during an eight-hour work day; that she must be able to walk around eight times for 10-15 minutes during an eight-hour work day; that she must be able to shift positions; that she must be able to take 10-15 minute unscheduled breaks; that she must be able to elevate her legs to hip level three-quarters of the time; that her ability to lift and carry is limited to ten pounds occasionally; that her ability to use her hands, fingers and arms is severely limited; and that she will likely be absent from work

more than three times a month due to her impairments or treatment (Tr. 759-62).

As the magistrate judge correctly noted, a treating physician's opinion of disability is ordinarily entitled to significant weight – and even controlling weight if it is adequately supported by objective findings and not contradicted by other evidence in the record. *See, e.g., Engebrecht,* 572 F. App'x at 400. In the present case, the ALJ was entitled to discount Dr. Lis-Planells' opinion because it is a legal conclusion, not a medical opinion concerning restrictions on plaintiff's ability to do such things and sit, stand, walk, lift and carry. *See id.* at 399. Further, the ALJ was entitled to discount both opinions because they were contradicted by many other objective findings suggesting that plaintiff's pain is not of disabling severity. For example, repeated MRI and CT scans of plaintiff's spine have shown the lack of any nerve root compression; notes in plaintiff's medical records have indicted improvement in her back and leg pain; the reflexes and muscle strength in plaintiff's legs, and her gait and stance, have been repeatedly observed to be normal; and x-rays of plaintiff's lumbar spine show her spinal fusion at L5-S1 to be solid. In August 2011 Dr. Larry Jennings, a physician at the same practice as Dr. Lis-Plannels, examined plaintiff, noted that her back pain was "well controlled with current medication," and advised her to "avoid repetitive bending" and to lift no more than 30 pounds (Tr. 768). These findings contradict those of Drs. Lis-Plannels and Dadivas and entitled the ALJ to discount their opinions of disability. Dr. Dadivas' opinion is further weakened by the fact that he imposed restrictions on plaintiff's ability to use her hands, fingers, and arms, although these restrictions are not supported by any medical findings and plaintiff herself has never claimed any such restrictions.

Finally, as to plaintiff's claimed need to use a cane, the only evidence she cites in support of this restriction is her own hearing testimony at Tr. 41 ("Yes, I use my cane. I generally

don't have to use it in the house. I generally use my cane for shopping when I'm going to be gone walking a lot"). She points to no other evidence of record to support her need to use a cane. The ALJ was not required to accept this testimony. In 2010 Dr. Dadivas, in assessing plaintiff's musculo-skeletal system, noted "normal strength, [no] joint deformity," and he did not check the box asking if "an ambulatory aid is medically required" (Tr. 740). In August 2011 Dr. Jennings, in evaluating plaintiff's gait, indicated that she walked without difficulty (Tr. 768). On this record, the ALJ was not required to find that plaintiff's ability to work is limited by her need to use a cane.

For these reasons, the Court concludes that defendant's decision in this matter is supported by substantial evidence and that plaintiff's objections to the magistrate judge's R&R are without merit. Accordingly,

IT IS ORDERED that Magistrate Judge Morris' R&R is hereby accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

                    S/Bernard A. Friedman
                    BERNARD A. FRIEDMAN
                    SENIOR UNITED STATES DISTRICT JUDGE

Dated: February 19, 2015
      Detroit, Michigan